UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                                        )      Case No. 2:22-mj-00142-3<br>)<br>ERIKA J. DESORMEAUX,               )<br>    Defendant.                                    ) | |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through counsel, Nikolas P. Kerest, United States Attorney for the District of Vermont, and Matthew J. Lasher, Assistant United States Attorney, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  The defendant is eligible for detention because she is charged with an offense for which the maximum sentence is more than ten years' imprisonment under the Controlled Substances Act.  18 U.S.C. § 3142(f)(1)(C).

2. <u>Reason for Detention</u>.  The Court should detain the defendant because there is no condition or combination of conditions of release that would reasonably assure the safety of the community or the defendant's continued appearance.

3. <u>Rebuttable Presumption</u>.  The United States does not invoke a rebuttable presumption in favor of detention under § 3142(e)(3)(A) at this time.

4. <u>Time for Detention Hearing</u>.  The United States requests a continuance of the detention hearing for up to three days after the defendant's initial appearance, pursuant to 18 U.S.C. § 3142(f), to allow pretrial services the opportunity to prepare a complete bail report.  If pretrial services has completed a fulsome bail report by the time of the initial appearance,

however, the United States would not seek a continuance and would recommend holding the detention hearing in conjunction with the initial appearance.

5. <u>Discussion</u>.  The statutory factors weigh in favor of detention.

First, the nature of the charge is inherently serious given the types of controlled substances being distributed by the conspirators and the involvement of firearms in their conspiracy.  The conspirators distributed cocaine and fentanyl on multiple occasions over several months, and they possessed multiple firearms in relation to the possession and distribution of the controlled substances.  In addition to distributing controlled substances herself, the defendant hosted drug traffickers from Massachusetts in her rural Vermont home for the specific purpose of bringing cocaine and fentanyl into Orleans County for distribution.

Second, the evidence against the defendant is particularly strong.  The defendant, who was identified as the primary resident at the Maple Hill Road residence in Barton, personally distributed drugs in recorded controlled purchases during this investigation.  Investigators indicated she was readily recognizable in video recordings of the purchases.  Further, the defendant was present in the residence when agents executed a federal search warrant on October 26, 2022.  A substantial quantity of suspected cocaine was seized from the defendant's residence, and investigators located and seized multiple loaded firearms from various rooms in the residence, including a privately made assault rifle, a Mossberg 702 .22-caliber rifle, a Ruger LCPII handgun, and a shotgun.  The defendant also purchased a handgun in June 2022 and attempted to purchase a second a week later; she admitted to law enforcement that she had traded the first handgun for fentanyl.

Third, the defendant's history and characteristics suggest she represents a continuing danger to the community and may fail to appear at future proceedings.  The United States

recognizes that she does not appear to have any history of felony convictions, but her criminal conduct in this case was long-standing.  The United States is unaware of the defendant being employed or having any legitimate income stream that would be disrupted if she fled.  She has contacts in other states through her drug-trafficking connections, suggesting she would be able to depart this district and continue her activities elsewhere with relative ease.  The defendant admitted to being a user of fentanyl during a post-arrest interview on October 26, 2022, so her mental condition is likely somewhat compromised.  The United States is not aware of the extent of her ties to the community or the presence of family members around her.  But given the nature of the defendant's living arrangements and offense conduct, it appears she does not have adequate interaction with family members or support to facilitate her release.  The defendant would presently pose a serious risk to the community if released, given her willingness to acquire and distribute controlled substances and traffic firearms to sustain her own consumption.

      WHEREFORE the United States respectfully requests the Court detain the defendant pending further proceedings in this case.

      Dated at Burlington, in the District of Vermont, October 26, 2022.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By:   /s/Matthew J. Lasher
      Matthew J. Lasher
      Assistant U.S. Attorney
      Burlington, VT 05402-0570
      (802) 951-6725
      matthew.lasher@usdoj.gov